OPINION
This appeal is brought by the State of Ohio pursuant to R.C. 2945.67
and Crim.R. 12(K) from an order suppressing evidence from use by the State in its prosecution of Defendant, Amber D. Wilt, on a charge of possession of crack cocaine. R.C. 2925.11(A).
The evidence the court suppressed is a "rock" of crack cocaine that Dayton Police Officer Paul J. Price seized in the course of his search of Defendant's purse. The search was warrantless, and Defendant moved to suppress the evidence seized on that basis. The State argued that Defendant had consented to the search upon the officer's request.
The trial court rejected the State's argument, finding that, while it appeared that the Defendant consented to the search of her purse, the initial encounter between Officer Price and Defendant was itself a warrantless seizure that lacked a justification sufficient to avoid the Fourth Amendment's warrant requirement. Therefore, the events following and flowing from the encounter were tainted, and the evidence must be suppressed.
The State filed a timely notice of appeal from the trial court's suppression order, and presents a single assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO SUPPRESS BECAUSE OFFICER PRICE'S CONTACT WITH DEFENDANT CONSTITUTED A CONSENSUAL ENCOUNTER, DURING WHICH DEFENDANT VOLUNTARILY CONSENTED TO A SEARCH OF HER PURSE, NEITHER OF WHICH REQUIRED REASONABLE SUSPICION THAT DEFENDANT WAS ENGAGING IN ILLEGAL ACTIVITY.
We note at the outset that the versions of events to which Officer Price and Defendant Wilt each testified at the suppression hearing vary somewhat. We also note that the trial court rejected Defendant's version upon a finding that she lacked credibility. Questions of credibility are generally for the trial court to decide. State v. Woods (1985),25 Ohio App.3d 35. Therefore, we will rely on Officer Price's version of the facts to determine the issue of law presented.
Officer Price testified that on July 27, 2001, at about 6:00 p.m., he was directed by another police officer to look for a woman about whom the officer had received a complaint alleging that the woman might be engaged in prostitution. The complaint came from a security guard at a mini-mart on North Main Street, in Dayton. The suspect was described as a blonde female who wore a red dress.
Officer Price, who was in uniform, drove his marked cruiser north on Main Street. About five blocks from the mini-mart he saw a woman who matched the description he was given, standing on the sidewalk. Officer Price pulled his cruiser to the adjoining curb, got out, approached the suspect and said: "Hey, I would like to talk to you a minute." He also identified himself as a police officer. The woman neither rejected his request nor moved to leave.
As he stood next to the woman, later identified as Defendant Wilt, Officer Price said: "Before I talk to you, I would like to check your purse to make sure you don't have anything in there that would harm me." He held out his right hand, and Defendant replied "okay" as she handed him her purse. Officer Price looked inside and saw what he believed to be crack cocaine. He seized it and placed Defendant under arrest. A subsequent field test confirmed his suspicions. Defendant was later indicted for a violation of R.C 2925.11(A), possession of crack cocaine, one gram or less., Defendant moved to suppress the evidence Officer Price seized in the warrantless search of her purse. The State contended that Defendant had voluntarily consented to the search, which avoids the warrant requirement. Schneckloth v. Bustamont (1973), 412 U.S. 218.93 S.Ct. 2041, 36 L.Ed.2d 854. The trial court didn't reject the State's consent claim. Rather, the court granted Defendant's motion on a finding that Officer Price lacked a reasonable and articulable suspicion to "stop" defendant for questioning. Per Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889, that justification is necessary when an officer conducts a warrantless investigative detention, however brief, because the detention is a form of seizure that triggers the reasonableness requirement of the Fourth Amendment.
The State argues that Defendant was not seized for Fourth Amendment purposes when Officer Price approached her and asked to speak with her, relieving the State of any duty to demonstrate the justification required by Terry. The State argues that at that point, and until Defendant was arrested, the encounter between Defendant and Officer Price was a "consensual encounter," to which the Fourth Amendment doesn't apply. We agree.
In State v. Taylor (1995), 106 Ohio App.3d 741, we wrote:
 Encounters are consensual where the police merely approach a person in a public place, engage the person in conversation, request information, and the person is free not to answer and walk away. United States v. Mendenhall (1980), 446 U.S. 544, 553, 100 S.Ct. 1870, 1876, 64 L.Ed.2d 497, 504-505. The request to examine one's identification does not make an encounter nonconsensual. Florida v. Rodriguez (1984), 469 U.S. 1, 4-6, 105 S.Ct. 308, 83 L.Ed.2d 165, 169-171; Immigration Naturalization Serv. v. Delgado (1984), 466 U.S. 210, 221-222, 104 S.Ct. 1758, 1765-1766, 80 L.Ed.2d 247, 258-259. Nor does the request to search a person's belongings. Florida v. Bostick (1991), 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389. The Fourth Amendment guarantees are not implicated in such an encounter unless the police officer has by either physical force or show of authority restrained the person's liberty so that a reasonable person would not feel free to decline the officer's requests or otherwise terminate the encounter. Mendenhall, supra, 446 U.S. at 554, 100 S.Ct. at 1877, 64 L.Ed.2d at 509; Terry v. Ohio (1968), 392 U.S. 1, 16, 19, 88 S.Ct. 1868, 1877, 1878, 20 L.Ed.2d 889, 903, 904.
* * *
 The Supreme Court in Mendenhall listed factors that might indicate a seizure. These factors include a threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person, the use of language or tone of voice indicating that compliance with the officer's request might be compelled, approaching the citizen in a nonpublic place, and blocking the citizen's path. Id. at 554, 100 S.Ct. at 1877, 64 L.Ed.2d at 509.
Id. at 747-749.
None of the Mendenhall factors are present here. Officer Price was alone. He displayed no weapon. He didn't touch the Defendant until he arrested her. Officer Price's version of events does not demonstrate that he threatened the Defendant or acted to intimidate her in any way. Further, they were in a public place during daylight hours., Defendant, asking us to affirm the trial court's order, cites our decision in State v. Blazek (Nov. 17, 2001), Montgomery App. No. 18559, unreported. There, an officer saw the defendant's car in a darkened parking lot during the evening hours. Suspecting criminal conduct of some kind, the officer illuminated the vehicle with a spotlight. When the vehicle began to pull away, without its lights on, the officer illuminated the lights of his cruiser and brought the defendant's car to a halt. He subsequently discovered marijuana on the defendant's person in the course of a pat-down. The trial court granted defendant's motion to suppress. We affirmed, holding (1) that the encounter was not consensual because the defendant had been seized when his car was stopped as he made to drive away, and (2) that the officer lacked a reasonable and articulable suspicion of criminal activity when he performed the stop. We also noted that the officer admitted that it was his purpose to stop the vehicle for a criminal investigation.
Whether reasonable and articulable suspicion exists is determined objectively, from the totality of the circumstances before the officer. State v. Andrews (1991), 57 Ohio St.3d 86. Therefore, an officer's subjective purpose in performing a stop is not itself determinative of whether a Fourth Amendment seizure has taken place. We did not intend to suggest in Blazek that the officer's admitted purpose was determinative of that issue. Rather, we wished only to point out that his admitted purpose was, at least, inconsistent with the State's argument that no Terry stop took place, that the encounter was instead "consensual."
The facts before us here are in striking contrast to those in Blazek, supra. Clearly, on the standards set forth in Mendenhall, no Fourth Amendment seizure occurred when Officer Price emerged from his cruiser and asked to speak with Defendant Wilt. Neither did his request to examine the contents of her purse implicate the Fourth Amendment. He did not purport to have some legal authority to perform the search. His mere identification of himself as a police officer, which was evident from the marked cruiser he drove and the uniform he wore, did not itself constitute a claim or show of such authority.
From its stated reasons for granting Defendant's suppression motion, it appears that the trial court was also concerned that Officer Price lacked a reasonable and articulable suspicion that Defendant was armed and dangerous when he asked to search her purse. Terry, supra, requires evidence supporting that suspicion before a pat-down is performed. The same applies to search of a purse. However, the requirement is avoided entirely when the subject knowingly and voluntarily consents to the search. The trial court found that Defendant had consented, notwithstanding her testimony that she felt compelled to submit. The court rejected that claim, and in any event the test is what a "reasonable person" would believe, not what the particular subject believed. Therefore, the State was not required to demonstrate the reasonable and articulable suspicion of danger that the court found wanting in the State's case.
It is, of course, a convenient legal fiction to suppose that most people would elect to walk away from a police officer who asks to speak with them. Most would probably believe that it is, at least, in their best interests to cooperate, if not their duty. Indeed, walking away, or more precisely flight, can itself be a basis for a seizure. See California v. Hodari D. (1991), 499 U.S. 621, 111 S.Ct. 1547,113 L.Ed.2d 690.
The rule of Mendenhall charges citizens with knowledge of their Fourth Amendment rights, leaving it up to a citizen whether to invoke the right and walk from an officer who asks to speak with him or her. To foreclose that right, more than a mere encounter with a uniformed officer is required. The relevant decisions hold that some positive show of force or affirmative assertion of authority is necessary in order to implicate the power of the state against which the Fourth Amendment protects persons when that power is employed to perform an unreasonable search or seizure. That is simply not present in an encounter of the kind that occurred here.
The assignment of error is sustained. The order from which the appeal was taken will be reversed and the case remanded for further proceedings.
WOLFF, P.J., and BRYANT, J., concur.
Hon. Thomas F. Bryant, Court of Appeals, Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.